IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WELLS FARGO BANK, N.A.          *

        Plaintiff          *

        vs.          *
           CIVIL ACTION NO. MJG-08-2439

CHESAPEAKE FINANCIAL          *
SERVICES, INC., et al.
             *

        Defendants
*     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER RE: SUPPLEMENTAL DISCLOSURE

The Court has before it Chesapeake Defendants' Motion to Strike Defendant Atlantic Boat Documentation's August 2, 2013 Supplemental Disclosure of Expert Testimony [Document 237], Plaintiff Wells Fargo Bank, N.A.'s Response in Support of Chesapeake Defendants' Motion [Document 238], Plaintiff Wells Fargo Bank, N.A.'s Reply to Defendant Atlantic Boat Documentation, Inc.'s Response in Opposition to the instant motion [Document 249], and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

As described more fully in the Memorandum and Order Re: Motions for Summary Judgment [Document 231], Plaintiff Wells Fargo Bank, N.A. ("Wells") has sued Defendants Chesapeake Financial Services, Inc. and Philip Colonna (collectively, the "Chesapeake Defendants") and Defendant Atlantic Boat Documentation, Inc. ("ABD") for losses incurred in regard to a

fraudulent boat transaction. The Chesapeake Defendants have asserted claims against ABD.

On the October 31, 2010 due date of expert disclosures, the Chesapeake Defendants identified two expert witnesses to testify in support of their contributory negligence defense against Wells. ABD did not identify any contributory negligence expert witness, and neither did Wells. However, Wells, in compliance with the Scheduling Order [Document 53], timely identified James Lynn as a rebuttal expert to refute the opinion of the Chesapeake Defendants' experts. ABD identified no rebuttal experts.

On August 2, 2013, ABD served on Wells and the Chesapeake Defendants "Defendant/Cross-Defendant Atlantic Board Documentation, Inc.'s Supplemental Disclosure of Expert Testimony" [Document 237-3] stating in relevant part:

> Defendant/Cross-Defendant Atlantic Boat Documentation, Inc. reserves the right[1] to call any and all witnesses whom any of the other parties have designated and provided supporting reports and documents.

In its Response in Opposition to the instant motion [Document 242], ABD has clarified the notice stating that it:

> intend[s] to call Plaintiff Wells Fargo's expert, James F. Lynn, as a witness at trial and/or to introduce his report of December 29, 2010 as a party admission under Fed.R.Evid. 801(d)(2)(c) to the extent that

---

[1]    Of course, a party can only "reserve" such rights as it may have in the first place.

> Plaintiff Wells Fargo does not call Mr.
> Lynn.

(Footnote in original omitted).


There does not appear to be an absolute prohibition against a party calling an expert witness designated by another party. As noted in an unpublished decision of the United States Court of Appeals for the Ninth Circuit:

> Although some courts have held that once a witness is designated as an expert, he or she may be called by the opposing party, although not designated by that party, those decisions did not address the issue of whether a district court abuses its discretion by denying a request to call an opponent's expert.

Sanchez v. Dupnik, 362 F. App'x 679, 681 (9th Cir. 2010). As stated by the U.S. Court of Appeals for the Eleventh Circuit, "[o]nce a witness has been designated as expected to testify at trial, there may be situations when the witness should be permitted to testify for the opposing party." Peterson v. Willie, 81 F.3d 1033, 1037-38 (11th Cir. 1996). However, the Eleventh Circuit also noted, "[t]his decision is committed to the sound discretion of the district court." Id. at 1038 n.4; see also Kerns v. Pro-Foam of S. Ala., 572 F. Supp. 2d 1303, 1309-11 (S.D. Ala. 2007); House v. Combined Ins. Co. of Am., 168 F.R.D. 236, 245, 249 (N.D. Iowa 1996).

Wells has shown that it could suffer prejudice should the Court permit ABD to call Mr. Lynn as an expert. Certainly, it would not be fair to allow ABD to call Mr. Lynn as its witness if Wells will call him at trial. However, if Wells will not call Mr. Lynn as a witness, the potential prejudice to Wells can be eliminated, or at least rendered de minimus, by imposing appropriate conditions. These would include (1) requiring ABD to bear all costs relating to Mr. Lynn's testimony, including reimbursement of what Wells has heretofore paid, and (2) placing appropriate restrictions on Mr. Lynn's testimony.[2]

The Chesapeake Defendants would not suffer undue prejudice should ABD call Mr. Lynn because they have had ample notice that Mr. Lynn would be a witness and ample opportunity to take his deposition and to prepare any of their own experts to rebut his testimony.

The Court finds that it should exercise its discretion to permit ABD to call Mr. Lynn as an expert witness subject to appropriate conditions.

ABD has stated its intent to introduce Mr. Lynn's report in evidence should he not testify at trial. This matter is not within the scope of the instant motion. If ABD has such an intent, it must provide the other parties with a proposed exhibit that designates precisely what will be offered in

---

[2]   For example, excluding evidence that Mr. Lynn had been hired by Wells.

4

evidence.  Wells and/or the Chesapeake Defendants may then file a Motion in Limine to exclude that evidence pursuant to the Trial Schedule [Document 236].

Accordingly:

1.  Chesapeake Defendants' Motion to Strike Defendant Atlantic Boat Documentation's August 2, 2013 Supplemental Disclosure of Expert Testimony [Document 237] is DENIED.

2.  Plaintiff Wells Fargo Bank, N.A.'s Reply to Defendant Atlantic Boat Documentation, Inc.'s Response in Opposition to the instant motion [Document 249] is GRANTED IN PART.

    a.  ABD may not call Mr. Lynn as an expert witness at trial if Wells calls him, but it may cross examine him.

    b.  ABD may not call Mr. Lynne as an expert witness at trial unless it pays all costs relating to the testimony of Mr. Lynn (including all costs that have been heretofore incurred by Wells) prior to calling him as a witness.

    c.  The testimony of Mr. Lynn, if called as a witness by ABD, shall be subject to restrictions to be imposed by further Order.

3.  If ABD wishes to have the option to call Mr. Lynn as its expert witness, it shall – by December 1, 2013 – arrange a conference with the Court and all counsel to discuss the terms of an Order relating to the payment of costs and testimony restrictions referenced herein.


SO ORDERED, on <u>Monday, October 28, 2013</u>.


                        _____/s/___ ___ _
                             Marvin J. Garbis
                        United States District Judge