IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WELLS FARGO BANK, N.A. *

       Plaintiff *

       vs. * CIVIL ACTION NO. MJG-08-2439

CHESAPEAKE FINANCIAL *
    SERVICES, INC. et al.
                                  *
       Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Plaintiff Wells Fargo Bank, N.A.'S Motion for Partial Summary Judgment as to Defendant Chesapeake Financial Services, Inc.'s Affirmative Defense of Equitable Estoppel [Document 244], Defendants Chesapeake Financial Services' and Philip Colonna's Motion for Summary Judgment on Grounds of Equitable Estoppel [Document 253], and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

In the Memorandum and Order Re: Motions for Summary Judgment [Document 231] the Court presented the background of the instant case and granted partial summary judgment to Plaintiff Wells Fargo[1] with regard to its contract claims against Chesapeake Financial Services, Inc. and Phillip Colonna ("the Chesapeake Defendants"). However, the Court stated:

---

[1] Herein, "Wells Fargo" refers to all pertinent entities related to Plaintiff, including Wachovia Dealer Services.

> The Court finds that neither [the Chesapeake Defendants'] or Wells Fargo's motions include a request for summary judgment with regard to the affirmative defense of equitable estoppel. Inasmuch as the defense was pleaded, the Court will not find waiver. Thus the defense remains pending.

[Document 231] at 239.

The parties have filed the instant cross-motions for summary judgment with regard to the affirmative defense.

Under the law of North Carolina, the law applicable to the instant claim, to establish a claim of equitable estoppel, the following elements must be met:

> (1) The conduct to be estopped must "amount[] to a false representation or concealment of material facts or, at least, [must be] reasonably calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party afterwards attempts to assert";
>
> (2) "[I]ntention or expectation [of the party being estopped] that such conduct shall be acted upon by the other party, or conduct which at least is calculated to induce a reasonably prudent person to believe such conduct was intended or expected to be relied and acted upon";
>
> (3) "[K]nowledge, actual or constructive, of the real facts [by the party being estopped]";
>
> (4) "[L]ack of knowledge . . . of the truth as to the facts in question [by the party claiming estoppel]";

2

> (5) "[R]eliance [on the part of the party claiming estoppel] upon the conduct of the party sought to be estopped"; and
>
> (6) "[A]ction [by the party claiming estoppel] thereon of such a character as to change his position prejudicially."

Crisp v. E. Mortg. Inv. Co., 632 S.E.2d 814, 816 (N.C. Ct. App. 2006)

The Chesapeake Defendants base their equitable estoppel defense upon two acts by Wells Fargo:

> 1. Action, described below, allegedly amounting to a false statement that Wells Fargo had verified the purported buyer's liquidity and a purported survey of the boat, and
>
> 2. A statement by Wells Fargo, after the fraud was discovered, that the FBI had been advised of the loss and that the Chesapeake Defendants should not undertake an investigation to recover the funds from the criminals.

[Document 253-1] at 4-5, 11-12.

As to the first action, the evidence establishes that the Chesapeake Defendants submitted documents in support of the loan in question to Wells Fargo. Wells Fargo responded with a Decision approving the loan subject to conditions stated as:

> ver [verification] $3mm [$3,000,000] liquid[ity]
>
> Document Vessel
>
> Sat[isfactory] Review of Survey

[Document 253-4].

3

In response, the Chesapeake Defendants submitted falsified bank records and a falsified survey document that had been obtained from the con men operating the fraud scheme.[2] These falsified documents were sent to Wells Faro with a copy of the Wells Fargo Decision document and a note handwritten thereon:

> Please review liquid and survey.
>
> Remove [conditions] if OK.

[Document 253-4].

Thereafter, Wells Fargo lifted the conditions and the Chesapeake Defendants proceeded with the loan. This included proceeding with the loan even though the purported buyer had not complied with the condition of providing a $500,000 down payment.

Pursuant to the summary judgment standard,[3] the Court must view the evidence as favorably for the non-movant as reasonably possible. Nevertheless, no reasonable fact finder could conclude that, in context, Wells Fargo's action constituted a statement that it had verified the bona fides of the false

---

[2] There is no evidence indicating that the Chesapeake Defendants were aware of the fraud scheme.

[3] The Court may look at the evidence presented in regard to the motion for summary judgment through the non-movant's rose colored glasses, but must view it realistically. After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

documents submitted as distinct from reviewing the documents for form.  Such an undertaking on the part of Wells Fargo would have been contrary to the essence of the agreement with the Chesapeake Defendants whereby the risk of fraud was, as decided by the Court, on the Chesapeake Defendants.  Moreover, the action taken by the Chesapeake Defendants "of such a character as to change [their] position prejudicially" was to proceed with a loan transaction with knowledge that the purported buyer had failed to meet his obligation to provide a down payment.

As to the second action, the Chesapeake Defendants say that Wells Fargo inaccurately told them that it had advised the FBI of the theft and that this, in some manner, caused them to forgo some sort of investigative efforts that might have resulted in a recovery of a part of the amount lost.  Even assuming – and the Court is not suggesting that such an assumption would be even feasible – that the Chesapeake Defendants would have been able to succeed in recovery efforts that were eventually beyond the ability of all law enforcement personnel who worked on the case, this would not estop Wells Fargo from enforcing the contract.  If the Chesapeake Defendants' contentions about the effect of Wells Fargo's FBI statement had any conceivable relevant effect, the effect would relate to some contention about a failure to mitigate loss.

The bottom line is that Plaintiff is entitled to summary judgment with regard to the Chesapeake Defendants' equitable estoppel affirmative defense.

For the foregoing reasons:

1. Plaintiff Wells Fargo Bank, N.A.'S Motion for Partial Summary Judgment as to Defendant Chesapeake Financial Services, Inc.'s Affirmative Defense of Equitable Estoppel [Document 244] is GRANTED.

2. Defendants Chesapeake Financial Services' and Philip Colonna's Motion for Summary Judgment on Grounds of Equitable Estoppel [Document 253] is DENIED.

SO ORDERED, on Friday, January 24, 2014.

          _____/s/_____
            Marvin J. Garbis
        United States District Judge