```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

WELLS FARGO BANK, N.A.            *

         Plaintiff                *

         vs.                      *   CIVIL ACTION NO. MJG-08-2439

CHESAPEAKE FINANCIAL              *
    SERVICES, INC. et al.
                                  *
         Defendants
*        *        *        *      *        *       *       *       *
```

## MEMORANDUM AND ORDER RE: THIRD-PARTY COMPLAINT

The Court has before it third Party Plaintiff Chesapeake Financial Services, Inc.'s Motion to Liquidate Judgments Entered Against Vorce And Jett [Document 350] and the materials submitted relating thereto. The Court finds that neither a response nor a hearing is necessary.

On February 16, 2010, the Court issued Orders of Default against Third-Party Defendants Vorce and Jett. [Documents 80, 81]. Third-Party Defendant Vorce opposes the entry of a default judgment because, "upon information and belief," he cannot agree that he was served personally with the Third-Party Complaint and also because, even if he was served, he would have a defense to the business damage claims. See [Document 251]. Third-Party Defendant Vorce does not contend that he would have a defense to the claim for attorney's fees and costs in the amount of $235,732.55.

As stated by the United States Court of Appeals for the Fourth Circuit in <u>Payne v. Brake</u>:

> Rule 55 of the Federal Rules of Civil Procedure provides that a court may, "[f]or good cause shown," set aside an entry of default.  "The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."

439 F.3d 198, 204 (4th Cir. 2006) (alterations in original) (citations omitted).

The Third-Party Plaintiff has withdrawn its claim for business damages and seeks a judgment only for its attorney's fees and costs.  <u>See</u> [Document 352] at 2.  Inasmuch as Third-Party Defendant Vorce does not actually deny effective service and does not suggest that he has any defense to the remaining claim for attorney's fees and costs, the Court shall grant the Third-Party Plaintiff's motion, but only as to the fees and costs claim.

Third-Party Defendant Jett did not oppose the instant Motion.  However, he shall have the benefit of the relief provided to Third-Party Defendant Vorce.

2

Accordingly:

1. Chesapeake Financial Services, Inc.'s Motion to Liquidate Judgments Entered Against Vorce And Jett [Document 350] is GRANTED IN PART.

2. Judgment consistent herewith shall be issued by separate Order.

SO ORDERED, on Tuesday, May 13, 2014.

_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge

3